## In re HAMMOND.

Court of Appeals of District of Columbia.

Submitted January 9, 1928. Decided
March 5, 1928.

Petition for Rehearing Denied April 12,
1928.

No. 1977.

1. Patents ⬯66(1)—Claims for patent for automobile rear bumpers held anticipated by Simms patent March 6, 1906.

Claims of applicant for patent on rear bumpers, extending from sides of automobile across width of adjacent fenders only to permit removal of spare tire without lifting, *held* anticipated by Simms patent of March 6, 1906, for buffers attached to front, side, or back of frame to prevent damage to lamps, radiators, etc., though there was then no need to protect lower ends of fenders, which were higher than in modern automobile, and no device was known for carrying spare tires on rear end.

2. Patents ⬯17(3)—There was no invention in perceiving that rear bumpers covered by Simms patent March 6, 1906, permitted access to spare tire carrier.

There was no invention, authorizing patent for rear bumpers extending from sides of automobile across width of adjacent fenders only, in perceiving obvious fact that bumpers covered by Simms patent of March 6, 1906, designed to prevent damage to lamps, radiators, etc., permitted of access to rear end of car, where spare tire carrier, not then known, was mounted.

3. Patents ⬯17(3)—Patent for improvements in automobile spare tire carriers and rear bumpers held properly denied for want of invention over Simms, Van Gelder, Harnishfeger, Hoover, and Hammond patents.

Application for patent on improvements in automobile spare tire carriers and rear bumpers *held* rightly rejected for want of invention, over Simms patent of March 6, 1906, Van Gelder patent of January 14, 1913, Harnishfeger patent of May 20, 1913, Hoover patent of July 18, 1916, and Hammond patents of May 3, 1921, and July 17, 1924.

Appeal from the Commissioner of Patents.

Application by William P. Hammond for a patent. From a decision of the Commissioner of Patents, rejecting all except one of fifteen claims, applicant appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for for commissioner of patents.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. An appeal from a decision rejecting all of the 15 claims of appellant's application for a patent, except claim 5. Claims 10, 11, 12, and 15, however, have been withdrawn by appellant from this appeal.

The invention relates to improvements in spare tire carriers and rear bumpers for automobiles. The bumpers of the invention do not extend entirely across the width of the automobile, but are used in pairs, each extending only from one side of the car across the width of the adjacent fender. This arrangement provides an independent impact-receiving structure at the rear and side of the automobile, and permits of the removal of the spare tire from its carrier at the back of the automobile without lifting the tire upwards, as would be necessary if a single bumper were extended across the entire width of the automobile.

The present application was filed on February 9, 1921. It is a division of appellant's application filed April 23, 1917, which matured into a patent issued May 3, 1921. That patent was involved in interference, and during its pendency appellant filed another application as a division thereof, and on December 16, 1924, a patent was issued to him thereon. Claim 1 is copied as illustrative:

"1. A bumper attachment adapted to be applied at the rear of an automobile having a rear wheel fender whereby to protect said fender, comprising an attaching portion extending lengthwise of the vehicle frame at that side thereof adjacent the fender and having means of connection directly to the frame, a laterally projecting portion connecting to the rear end of said attaching portion and projecting outward to a point adjacent the outer side of said fender and arranged at a point rearwardly of the fender, said bumper offering substantially no obstruction at the rear of the vehicle inwardly beyond its attaching portion, the lateral and lengthwise extending portions of the bumper being integral and formed of metal, and all parts of the bumper from its attachment point being flexible throughout."

By concurrent decisions of the Patent Office tribunals, all of the present claims except No. 5, were rejected. It was held that claims 1, 2, 3, and 4 define no invention other than that held unpatentable in the interference proceeding; that claims 6, 7, 8, and 9 define no invention over the patent to Simms, March 6, 1906; that claim 10 is not patentably different from the original issue of the interference, or from the subject-matter of applicant's later patent; that claims 11, 12, 13,

14, and 15 are unpatentable, in view of Simms, supra; Van Gelder, January 14, 1913; Harnishfeger, May 20, 1913; Hoover, July 18, 1916; and appellant's patents, issued respectively May 3, 1921, and July 17, 1924.

[1, 2] In our opinion, the claims were rightly rejected. The patent of Simms, supra, provides "buffers" to be attached to the front, side, or back of the frame of the motor vehicle, to prevent damage to lamps, wings, radiators, and other parts of the vehicle; the buffers are to be curve-shaped and fitted in pairs to the front or back of the vehicle frame. The diagrams shown by Simms, especially Fig. 12, anticipate appellant's claims as to the bumpers. It is argued for appellant that at the time when the Simms patent was issued the fenders of the rear wheels did not extend so low as in the modern automobile, and that there was then no need to protect the lower ends of the fenders, as at present. That fact, however, is not material, for the inventive idea remains the same, whatever the length of the fenders may be. It is true that when the Simms patent was issued no device was known for carrying spare tires upon the rear end of an automobile. Nevertheless the Simms rear bumpers permit of access to the rear end of the car, where appellant mounts his spare tire carrier. There was no invention in perceiving this obvious fact.

[3] In view of the full and correct decisions of the tribunals of the Patent Office, it is only necessary for us to say that upon the references aforesaid, both as to bumpers and spare tire carriers, the appealed claims were rightly rejected.

The decision of the Commissioner of Patents is affirmed.